LAMAR PECKHAM [CSB#121790]
555 Sebastopol Rd., Ste. C
Santa Rosa, CA 95407
Tel: [707]527-8050
Fax:[707]569-0225
Crimigration@aol.com

Attorney for Plaintiff FAISAL MASOOD [A47 271 938]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FAISAL MASOOD,<br><br>            Plaintiff,<br><br>      vs.<br><br>MICHAEL B. MUKASEY, Attorney General,<br>MICHAEL CHERTOFF, Secretary of the<br>Dept. of Homeland Security; Director,<br>U.S. Citizenship & Immigration Services<br>& Immigration Services; ROSEMARY<br>MELVILLE, San Francisco District Director, U.S.<br>Citizenship & Immigration Services,<br><br>            Defendants. | Case No. **CV 08-2152 VRW**<br><br>**PETITION FOR HEARING ON NATURALIZATION APPLICATION UNDER 8 USC § 1447[b]** |

Plaintiff FAISAL MASOOD respectfully represents that,

1. This action is brought for a hearing to decide plaintiff's naturalization application due to defendants' failure to adjudicate the application within 120 days after the first examination in violation of the Immigration and Nationality Act ["INA" hereinafter] § 336[b] and 8 USC § 1447[b]:

> INA 336(b) Request for hearing before District Court.--If there is a failure to make a determination under section 335 before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over

the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

**PARTIES**

2. Plaintiff FAISAL MASOOD is a lawful permanent resident of the United States. A copy of his Permanent Resident Card is attached hereto as **Exhibit A**. Plaintiff filed his Form N-400, Application for Naturalization, and received his examination thereon on March 9, 2006.

3. At the examination, plaintiff was notified that he had passed the tests of English and U.S. history and government, but that a decision could not yet be made on his application. A copy of the Form N-652, Naturalization Interview Results, is attached hereto as **Exhibit B.** After many inquiries to USCIS, plaintiff enlisted the assistance of U.S. Representative Lynn Woolsey, whose office enquired on his behalf, A copy of Rep. Woolsey's letter to plaintiff dated April 11, 2007, is attached hereto as **Exhibit C**. The response to Rep. Woolsey by USCIS was vague and uninformative, and failed to state and justification under the law for failure to adjudicate plaintiffs' application for naturalization within the time mandated by law.

4. Defendants have failed and refused to make a decision on the application within 120 days after the examination as required by law.

5. Defendant MICHAEL B. MUKASEY, is the Attorney General of the United Sates, and this action is brought against him in his official capacity.

6. Defendant MICHAEL CHERTOFF is the Secretary of the Department of Homeland Security ["DHS" hereinafter], and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration & Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the DHS. 8 USC § 1103[a]; 8 CFR § 2.1.

7. Defendant Director of the United States Citizenship and Immigration Service ["USCIS" hereinafter], an agency within the DHS to whom the Secretary's authority has in part been delegated and is subject to the Secretary's supervision. Defendant Director is generally charged with the overall administration of benefits and immigration services. 8 CFR § 100.2[a].

8. Defendant ROSEMARY MELVILLE, San Francisco District Director, is an official of the USCIS generally charged with supervisory authority over all operations of the USCIS within his district, with certain specific exceptions no relevant here. 8 CFR § 100.2[d][2][ii]. As will be shown, defendant District Director is the official with whom plaintiff's naturalization application remains pending.

## JURISDICTION

9. The court has jurisdiction in this case under INA § 336[b] and 8 USC § 1447[b]. Relief is requested under those laws.

## VENUE

10. Venue is proper in this court, under 8 USC § 1447[b], in that this is the district in which plaintiff resides and in which the naturalization application is pending.

## FACTS

11. The Application for Naturalization was filed with defendant in this district.

13. Plaintiff's examination on the application was on March 9, 2006.

14. Plaintiff's application for naturalization has now remained unadjudicated after the examination for more than two years.

15. Defendants have sufficient information to determine plaintiff's eligibility pursuant to the applicable requirements.

16. Defendants, in violation of 8 USC § 1447, have failed to make a determination of plaintiff's application for naturalization within the 120-day period after the date of examination as required by law.

WHEREFORE, plaintiff requests that the court,

1. Cite defendants to appear herein, and

2. Upon due consideration the court enter an order adjudicating the application for naturalization,

3. In the alternative, the court remand the application for naturalization, ordering defendants to adjudicate it immediately.

    4. The court award plaintiff reasonable attorney's fees under the Equal Access to Justice Act,

    5. And, any such other relief at law and in equity as justice may require.

Dated: April 24, 2008

                                          Respectfully submitted,

                                          _____
                                                LAMAR PECKHAM
                                                Attorney for Plaintiff
                                                FAISAL MASOOD